**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DEBORA L. DENNIS,<br><br>                    Plaintiff,<br><br>         v.<br><br>VNA HOSPICE,<br><br>                    Defendant. | Case No. 2:21-CV-00010-CFK<br><br>TRIAL BY JURY |

**VISITING NURSES ASSOCIATION OF GREATER PHILADELPHIA'S ANSWER TO PLAINTIFF DEBORA DENNIS' COMPLAINT WITH AFFIRMATIVE DEFENSES**

Defendant Visiting Nurses Association of Greater Philadelphia (incorrectly identified as "VNA Hospice") ("VNA" or "Defendant") answers Plaintiff Debora Dennis' ("Dennis" or "Plaintiff") complaint and asserts affirmative defenses as follows:

1.      Admitted in part and denied in part.  It is admitted only that Plaintiff initiated this action.  The remaining allegations contained in Paragraph 1 of the Complaint state conclusions of law to which no response is required and are therefore denied.

2.      Admitted in part and denied in part.  It is admitted only that on or about October 30, 2020 plaintiff dual-filed charges with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Rights Commission, and further that the EEOC issued Plaintiff a right to sue letter dated November 2, 2020.  The remainder of the factual allegations set forth in Paragraph 2 of the Complaint are denied.  Further, the remaining allegations set forth in Paragraph 2 of the Complaint state conclusions of law to which no response is required and are therefore denied.

3.      Admitted in part and denied it part.  It is admitted that Debora L. Dennis is the plaintiff in this action and that she is an African American female.  VNA is without sufficient knowledge or information sufficient to form a belief as to Plaintiff's residency and therefore that allegation is denied.

4.      The Complaint does not contain a Paragraph 4.

5.      The Complaint does not contain a Paragraph 5.

6.      The Complaint does not contain a Paragraph 6.

7.      The Complaint does not contain a Paragraph 7.

8.      Denied.  Answering further, VNA is a non-profit domestic corporation formed under the laws of the Commonwealth of Pennsylvania.

9.      Denied.  Answering further, VNA maintains its principal place of business at 3300 Henry Avenue, Philadelphia, PA 19129.

10.      Admitted.

11.      Denied.

12.      Admitted in part and denied it part.  It is admitted that Tammy Berry is Caucasian.  The remainder of the allegations set forth in Paragraph 12 of the Complaint are denied.

13.      Denied.

14.      Denied.

15.      Denied.

16.      Denied.

17.     Admitted in part and denied in part.  It is admitted only that Plaintiff met with Renee Savarese and Dora Morrow on or about June 18, 2020 to discuss Plaintiff's performance during her probationary period.  The remainder of the allegations are denied.

18.     Denied.

19.     Admitted in part and denied in part.  It is admitted that Plaintiff met with Dora Morrow for a scheduled meeting on or about June 23, 2020.  Responding further, it is admitted that Tammy Berry informed Plaintiff that she was not allowed to enter the administrative area of VNA's offices per the COVID-19 mitigation rules then in effect.  The remainder of the allegations in Paragraph 19 of the Complaint are denied.  By way of further answer, it is denied that VNA engaged in any unlawful discriminatory or retaliatory practices.

20.     Admitted in part and denied in part.  It is admitted that on or around July 23, 2020 Dora Morrow met with Plaintiff in an area away from the administrative offices of VNA per the COVID-19 mitigation rules then in effect.  The remainder of the allegations in Paragraph 20 of the Complaint are denied.

21.     Admitted in part and denied in part.  It is admitted that Plaintiff resigned on or about August 6, 2020.  The remainder of the allegations in Paragraph 21 of the Complaint are denied.

22.     VNA incorporates its responses to Paragraphs 1 through 21 of the Complaint as if fully set forth herein.

23.     Denied.  The allegations set forth in Paragraph 23 of the Complaint state conclusions of law to which no response is required and are therefore denied.

24.     Denied.  The allegations set forth in Paragraph 24 of the Complaint state conclusions of law to which no response is required and are therefore denied.  To the extent that a further response is required, the allegations are denied.

25.     VNA incorporates its responses to Paragraphs 1 through 24 of the Complaint as if fully set forth herein.

26.     Denied.  The allegations set forth in Paragraph 26 of the Complaint state conclusions of law to which no response is required and are therefore denied.

27.     Denied.  The allegations set forth in Paragraph 27 of the Complaint state conclusions of law to which no response is required and are therefore denied.  To the extent that a further response is required, the allegations are denied.

28.     VNA incorporates its responses to Paragraphs 1 through 27 of the Complaint as if fully set forth herein.

29.     Denied.  The allegations set forth in Paragraph 29 of the Complaint state conclusions of law to which no response is required and are therefore denied.

30.     Denied.  The allegations set forth in Paragraph 30 of the Complaint state conclusions of law to which no response is required and are therefore denied.  To the extent that a further response is required, the allegations are denied.

31.     Denied.  The allegations set forth in Paragraph 31 of the Complaint state conclusions of law to which no response is required and are therefore denied.

32.     VNA incorporates its responses to Paragraphs 1 through 31 of the Complaint as if fully set forth herein.

33.     Denied.  The allegations set forth in Paragraph 33 of the Complaint state conclusions of law to which no response is required and are therefore denied.

34.     Denied.  The allegations set forth in Paragraph 34 of the Complaint state conclusions of law to which no response is required and are therefore denied.  To the extent that a further response is required, the allegations are denied.

35.     VNA incorporates its responses to Paragraphs 1 through 34 of the Complaint as if fully set forth herein.

36.     Denied.  The allegations set forth in Paragraph 36 of the Complaint state conclusions of law to which no response is required and are therefore denied.

37.     Denied.  The allegations set forth in Paragraph 37 of the Complaint state conclusions of law to which no response is required and are therefore denied.  To the extent that a further response is required, the allegations are denied.

38.     VNA incorporates its responses to Paragraphs 1 through 37 of the Complaint as if fully set forth herein.

39.     Denied.  The allegations set forth in Paragraph 39 of the Complaint state conclusions of law to which no response is required and are therefore denied.

40.     Denied.  The allegations set forth in Paragraph 40 of the Complaint state conclusions of law to which no response is required and are therefore denied.  To the extent that a further response is required, the allegations are denied.

41.     Denied.  The allegations set forth in Paragraph 41 of the Complaint state conclusions of law to which no response is required and are therefore denied.

42.     VNA incorporates its responses to Paragraphs 1 through 41 of the Complaint as if fully set forth herein.

43.     Denied.  The allegations set forth in Paragraph 43 of the Complaint state conclusions of law to which no response is required and are therefore denied.

44.     Denied.  The allegations set forth in Paragraph 44 of the Complaint state conclusions of law to which no response is required and are therefore denied.  To the extent that a further response is required, the allegations are denied.

45.     VNA incorporates its responses to Paragraphs 1 through 44 of the Complaint as if fully set forth herein.

46.     Denied.  The allegations set forth in Paragraph 46 of the Complaint state conclusions of law to which no response is required and are therefore denied.

47.     Denied.  The allegations set forth in Paragraph 47 of the Complaint state conclusions of law to which no response is required and are therefore denied.  To the extent that a further response is required, the allegations are denied.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise lies with Plaintiff, VNA asserts the following defenses:

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted or damages sought can be awarded.

### Second Affirmative Defense

The Complaint fails to state a claim upon which an award of punitive damages can be granted.

### Third Affirmative Defense

Plaintiff's claims or the damages she may recover, are barred or at least reduced by her failure to mitigate damages.

**Fourth Affirmative Defense**

Plaintiff's claims are barred by the doctrine of unclean hands, laches, waiver and estoppel.

**Fifth Affirmative Defense**

Plaintiff's claims are barred by the applicable statute of limitations.

**Sixth Affirmative Defense**

Plaintiff failed to exhaust administrative remedies as to all or some of her claims.

**Additional Affirmative Defenses Reserved**

VNA reserves the right to amend its Answer to assert additional defenses as the claims of Plaintiff become more fully disclosed during the course of the litigation.

WHEREFORE, Defendant Visiting Nurse Association of Greater Philadelphia, respectfully requests judgment in its favor and against Plaintiff Debora Dennis and that it be awarded reasonable costs and disbursements incurred in defending this action, attorneys' fees and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Andrew M. MacDonald*
Andrew MacDonald, Esquire
Andrew Esler, Esquire
Fox Rothschild LLP
2000 Market Street, 20th Floor
Philadelphia, PA  19103-3222
(215) 444-7174 / (215) 299-2164
(215) 299-2150 (fax)
AMacDonald@FoxRothschild.com
AEsler@FoxRothschild.com

*Counsel for Defendant VNA*

Dated:  January 27, 2021

7

## CERTIFICATE OF SERVICE

I hereby certify that on this date the foregoing pleading was served via the Court's electronic transmission facilities upon counsel for Plaintiff:

Scott E. Diamond, Esquire
Derek Smith Law Group, :LLC
1835 Market Street, Suite 2950
Philadelphia, PA 19102

*Counsel for Plaintiff Debora L. Dennis*

*/s/ Andrew M. MacDonald*
Andrew M. MacDonald, Esquire

Dated:  January 27, 2021